**SARAH AMES BENEDICT, OSB #132675**
sarahbenedict@dwt.com
**OLIVIA MUNSON, OSB #241038**
oliviamunson@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

**MATT JEDRESKI (*pro hac vice*)**
mjedreski@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone: (206) 622-3150

  Attorneys for Defendant
  Thomson Reuters Holdings Inc.


IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND  DIVISION

| | |
|---|---|
| BILLIE LITTLE, an individual,<br><br>    Plaintiff,<br><br> v.<br><br>THOMSON REUTERS HOLDINGS INC., a Delaware corporation,<br><br>    Defendant. | Case No. 3:26-cv-00735-JR<br><br>**DEFENDANT THOMSON REUTERS HOLDINGS INC.'S ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT** |

  For its answer to Plaintiff Billie Little's First Amended Complaint, Defendant Thomson

Reuters Holdings Inc. ("TRHI") admits, denies and alleges as follows:


Page 1 – DEFENDANT'S ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT

## INTRODUCTION

1.      Paragraph 1 consists of Plaintiff's statement of the case, to which no response is required. To the extent a response is required, TRHI is without knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's subjective beliefs, perceptions, and motivations, and on that basis denies the same. TRHI further denies that it launched an internal investigation targeting Plaintiff or terminated Plaintiff because of any protected activity, denies any knowledge that company products were used in ways that violated the law, denies that it singled out or targeted Plaintiff or any other employee, denies that it violated O.R.S. § 659A.199, and denies that Plaintiff is entitled to any relief. Except as expressly admitted, TRHI denies all remaining allegations in Paragraph 1.

## PARTIES AND JURISDICTION

2.      In response to the first sentence of Paragraph 2, TRHI is without knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff was an Oregon resident at all relevant times, and on that basis denies the same.  In response to the second sentence of Paragraph 2, TRHI admits based on information and belief that Plaintiff holds a Juris Doctor degree.  In response to the third sentence of Paragraph 2, TRHI admits that Plaintiff was employed by TRHI as a Senior Attorney Editor from September 8, 2025, until her termination. Except as expressly admitted, TRHI denies all remaining allegations in Paragraph 2.

3.      In response to the first sentence of Paragraph 3, TRHI admits that Thomson Reuters Holdings Inc. is a Delaware corporation.  Except as expressly admitted, TRHI denies all remaining allegations in Paragraph 3.

4.      Paragraph 4 consists of legal conclusions to which no response is required.

5.      Paragraph 5 consists of legal conclusions and jurisdictional allegations to which no response is required.

6.      Paragraph 6 consists of jurisdictional allegations to which no response is required.

Page 2 – DEFENDANT'S ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT

## FACTUAL ALLEGATIONS

### Plaintiff's Employment Background

7.    In response to Paragraph 7, TRHI admits that Plaintiff performed legal editorial services for TRHI. TRHI is without knowledge or information sufficient to form a belief about the truth of the allegations regarding the details or dates of Plaintiff's work or performance as a contractor or for other entities, and on that basis denies the same.  Except as expressly admitted, TRHI denies all remaining allegations in Paragraph 7.

8.    In response to Paragraph 8, TRHI admits that Plaintiff was offered and accepted the position of Senior Attorney Editor with TRHI and reported to Dawn Ziegler. TRHI admits that Plaintiff commenced her U.S. employment in or about September 2025. Except as expressly admitted, TRHI denies all remaining allegations in Paragraph 8.

9.    In response to the first sentence of Paragraph 9, TRHI admits that Plaintiff was permitted to perform her duties remotely and that TRHI employs other remote workers in various locations. In response to the second, third, and fourth sentences of Paragraph 9, TRHI is without knowledge or information sufficient to form a belief about the truth of the allegations regarding an in-person Oregon networking event, Plaintiff's attendance at any such event, or the alleged intranet photograph, and on that basis denies the same. In response to the fifth sentence of Paragraph 9, TRHI admits that Plaintiff's manager informed Plaintiff that she would be permitted to perform her job duties remotely from Oregon. Except as expressly admitted, TRHI denies all remaining allegations in Paragraph 9.

10.    In response to Paragraph 10, TRHI admits that Plaintiff received a 2% pay increase in early 2026. Except as expressly admitted, TRHI denies all remaining allegations in Paragraph 10.

11.    In response to Paragraph 11, TRHI admits that during Plaintiff's employment with TRHI as a Senior Attorney Editor, Plaintiff did not receive formal disciplinary action prior

Page 3 – DEFENDANT'S ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT

to the events leading to her March 20, 2026 termination, and that Plaintiff received an "Achieved" rating with feedback on areas for improvement on her 2025 Year End performance review. TRHI is without knowledge or information sufficient to form a belief about the truth of the allegations regarding the broader assertion of an unblemished record extending across nearly two decades with other entities or in contractor roles.  Except as expressly admitted, TRHI denies all remaining allegations in Paragraph 11.

12.    In response to Paragraph 12, TRHI admits that Plaintiff worked remotely and routinely communicated with co-workers and management via Microsoft Teams and email in the ordinary course. TRHI is without knowledge or information sufficient to form a belief about the truth of the allegations regarding the location of Plaintiff's home office or the precise frequency of Plaintiff's video meetings and chat messages. Except as expressly admitted, TRHI denies all remaining allegations in Paragraph 12.

**Thomson Reuters' CLEAR Product and Contract with ICE**

13.    In response to Paragraph 13, TRHI is without knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff was "generally familiar" with CLEAR, as Plaintiff's editorial responsibilities did not involve CLEAR or any government-contract product line, and on that basis denies the same. The remaining allegations in Paragraph 13 purport to quote from or paraphrase CLEAR marketing and informational materials and third-party publications, which materials speak for themselves, and TRHI denies any characterization inconsistent with those materials. Except as expressly admitted, TRHI denies all remaining allegations in Paragraph 13.

14.    The allegations in Paragraph 14 purport to quote from or paraphrase federal procurement records and third-party publications, which records speak for themselves, and TRHI denies any characterization inconsistent with those records. Except as expressly admitted, TRHI denies all remaining allegations in Paragraph 14.

Page 4 – DEFENDANT'S ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT

15.     In response to Paragraph 15, TRHI is without knowledge or information sufficient to form a belief about the truth of the allegations regarding what Plaintiff allegedly "learned" or "read", and on that basis denies the same. The remaining allegations in Paragraph 15 purporting to characterize the legal restrictions applicable to commercial data vendors versus government agencies consist of assumptions about legal conclusions that require no response, and reference documents that speak for themselves. TRHI denies any characterization inconsistent with those materials, and denies all remaining allegations in Paragraph 15.

16.     In response to Paragraph 16, TRHI is without knowledge or information sufficient to form a belief about the truth of the allegations in that paragraph, which describe Plaintiff's subjective beliefs and self-assessment of her own knowledge base, and on that basis denies the same.

17.     Paragraph 17 consists of legal conclusions and characterizations of Plaintiff's subjective beliefs, to which no response is required. To the extent a response is required, TRHI is without knowledge or information sufficient to form a belief about the truth of the allegations regarding what Plaintiff allegedly subjectively believed or concluded, and on that basis denies the same. TRHI denies all remaining allegations in Paragraph 17.

18.     In response to Paragraph 18, TRHI is without knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's news consumption, conversations with colleagues, or what she allegedly "learned" or "believed", and on that basis denies the same.  TRHI denies all remaining allegations in Paragraph 18.

19.     In response to Paragraph 19, TRHI is without knowledge or information sufficient to form a belief about the truth of the allegations in that paragraph regarding Plaintiff's subjective knowledge and understanding of matters of public reporting, and on that basis denies the same. To the extent the allegations in Paragraph 19 purport to characterize public news

Page 5 – DEFENDANT'S ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT

coverage and congressional activity, those materials speak for themselves, and TRHI denies any characterization inconsistent with those materials.

20.    In response to Paragraph 20, TRHI is without knowledge or information sufficient to form a belief about the truth of the allegations in that paragraph describing Plaintiff's media consumption, awareness, or subjective beliefs and understandings, and on that basis denies the same. Except as expressly admitted, TRHI denies all remaining allegations in Paragraph 20.

### Plaintiff's Protected Activity

21.    In response to Paragraph 21, TRHI admits that an employee post discussing purported ICE-related contracts appeared on the company intranet in or about late January 2026, the contents of which speak for itself, and that the comment section associated with that post was subsequently closed. TRHI is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 regarding subjective reactions to the post, and on that basis denies the same. Except as expressly admitted, TRHI denies all remaining allegations in Paragraph 21.

22.    In response to Paragraph 22, TRHI admits that an internal Microsoft Teams chat group involving TRHI employees was created in or about late January 2026 to discuss the company's purported ICE-related contracts. TRHI is without knowledge or information sufficient to form a belief about the truth of the allegations regarding the precise sequence of Plaintiff's communications with any colleague and alleged actions, and on that basis denies the same. Except as expressly admitted, TRHI denies all remaining allegations in Paragraph 22.

23.    In response to Paragraph 23, TRHI admits that an internal employee group identifying itself as the "Committee to Restore Trust" formed and that Plaintiff was among its participants. TRHI is without knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's perceived role as a "leader" of that group, and on that

Page 6 – DEFENDANT'S ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT

basis denies the same. Except as expressly admitted, TRHI denies all remaining allegations in Paragraph 23.

24.    In response to Paragraph 24, TRHI admits that on or about February 20, 2026 a written communication identified as an "Open Letter" concerning purported CLEAR contracts, and a related "Statement," were transmitted by employees to certain company personnel, which writings speak for themselves, and TRHI denies any characterization inconsistent with those writings. Except as expressly admitted, TRHI denies all remaining allegations in Paragraph 24.

25.    Paragraph 25 consists of legal conclusions to which TRHI need not respond. To the extent a response is required, TRHI is without knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's subjective beliefs, and on that basis denies the same. TRHI denies that Plaintiff's alleged beliefs were reasonable or held in good faith, denies that Plaintiff's communications constituted protected activity within the meaning of O.R.S. § 659A.199, and denies that TRHI engaged in any violation of state or federal law, constitutional protections, sanctuary laws, or contractual limitations.

26.    In response to Paragraph 26, TRHI admits that prior to February 20, 2026, Plaintiff had a conversation with Ms. Ziegler during which Plaintiff told Ms. Ziegler that a letter would be sent to company leadership.  Except as expressly admitted, TRHI denies all remaining allegations in Paragraph 26.

27.    In response to Paragraph 27, TRHI admits that the Open Letter referenced in Paragraph 24 was transmitted to one or more members of senior management. TRHI is without knowledge or information sufficient to admit or deny the letter's distribution list, and on that basis denies the same. Except as expressly admitted, TRHI denies all remaining allegations in Paragraph 27.

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main ○ (503) 778-5299 fax

28.     In response to Paragraph 28, that paragraph refers to articles published by the Minnesota Star Tribune and The New York Times, which articles speak for themselves, and TRHI denies any characterization inconsistent with the articles.

### Thomson Reuters' Investigation and Termination of Plaintiff

29.     TRHI denies the allegations in Paragraph 29.

30.     In response to Paragraph 30, TRHI admits that on or about March 16, 2026, Sr. Director, U.S. Regional HR & Employee Relations Kami Peterson interviewed Plaintiff in connection with an investigation into unauthorized disclosures of company confidential information and misuse of electronic systems. Except as expressly admitted, TRHI denies all remaining allegations in Paragraph 30.

31.     In response to Paragraph 31, TRHI admits that it terminated Plaintiff's employment on March 20, 2026 for violating the company Code of Conduct, and that during the termination meeting TRHI did not provide Plaintiff with a termination letter, "written findings from any investigation" or a "written explanation of which Code of Conduct provisions" she had violated. Except as expressly admitted, TRHI denies all remaining allegations in Paragraph 31.

32.     In response to Paragraph 32, TRHI admits that an investigation revealed that of the employees who voiced questions or concerns whether ICE was using CLEAR, Plaintiff was the only employee it determined had engaged in unauthorized disclosure of confidential information as well as misuse of its electronic systems, which led to the termination of Plaintiff's employment consistent with company policies and practices. Except as expressly admitted, TRHI denies all remaining allegations in Paragraph 32.

### Harm to Plaintiff

33.     TRHI denies the allegations in Paragraph 33 and denies that Plaintiff is entitled to any relief.

Page 8 – DEFENDANT'S ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT

34. TRHI denies the allegations in Paragraph 34 and denies that Plaintiff is entitled to any relief.

35. TRHI denies the allegations in Paragraph 35 and denies that Plaintiff is entitled to any relief.

36. TRHI denies the allegations in Paragraph 36 and denies that Plaintiff is entitled to any relief.

## CLAIM FOR RELIEF

### O.R.S. § 659A.199

### Whistleblower Retaliation

37. TRHI reincorporates its responses to Paragraphs 1 through 36 as if fully set forth herein.

38. TRHI denies the allegations in Paragraph 38.

39. TRHI denies the allegations in Paragraph 39.

40. In response to Paragraph 40, TRHI incorporates its responses to Paragraphs 33 through 36 by reference as though fully set forth herein.

## PRAYER FOR RELIEF

41. The Prayer for Relief contains Plaintiff's demand for relief, to which no response is required. TRHI denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief or to any relief whatsoever, and prays that Plaintiff take nothing by way of her First Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

42. By alleging the separate and additional defenses set forth below, TRHI is in no way conceding or agreeing that TRHI has the burden of proof or persuasion beyond that otherwise provided by law. TRHI expressly reserves the right to amend with different or

Page 9 – DEFENDANT'S ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT

additional defenses or affirmative defenses as it learns new facts or if Plaintiff alleges new claims. By further answer by way of additional or affirmative defenses, TRHI alleges:

## FIRST DEFENSE

### (Failure to State a Claim)

43.    Plaintiff's claims for relief fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

### (Same Decision)

44.    Even if Plaintiff did engage in protected activity—which TRHI does not admit or concede—TRHI would have made the same employment decision based on legitimate, non-retaliatory reasons.

## THIRD DEFENSE

### (Failure to Mitigate)

45.    Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by TRHI, Plaintiff has failed to mitigate her damages.

## FOURTH DEFENSE

### (Unclean Hands)

46.    Due to Plaintiff's wrongful, inequitable, or unconscionable conduct, Plaintiff is not entitled to equitable relief.

## FIFTH DEFENSE

### (Reservation of Rights)

47.    TRHI reserves its right to amend as provided by the Federal Rules of Civil Procedure and this Court, including but not limited to a right to move the Court to amend its answer in order to assert additional defenses as may become known to it during the course of discovery and litigation.

Page 10 – DEFENDANT'S ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT

WHEREFORE, TRHI prays as follows:

A.     Plaintiff's First Amended Complaint be dismissed with prejudice and Plaintiff recover nothing from this action;

B.     TRHI be awarded its reasonable costs and fees incurred in defending against Plaintiff's First Amended Complaint; and

C.     For such further relief as provided by the Court.

DATED this 23rd day of June, 2026.

DAVIS WRIGHT TREMAINE LLP


By  *s/ Matt Jedreski*
       Sarah Ames Benedict, OSB #132675
       sarahbenedict@dwt.com
       Matt Jedreski, (*pro hac vice*)
       mjedreski@dwt.com
       Olivia Munson, OSB #241038
       oliviamunson@dwt.com
       560 SW 10th Avenue, Suite 700
       Telephone: (503) 241-2300
       Facsimile: (503) 778-5299

       Attorneys for Defendant
       Thomson Reuters Holdings Inc.

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main O (503) 778-5299 fax