**SARAH AMES BENEDICT, OSB #132675**
sarahbenedict@dwt.com
**MATT JEDRESKI (*pro hac vice*)**
mjedreski@dwt.com
**OLIVIA MUNSON, OSB #241038**
oliviamunson@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

        Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BILLIE LITTLE, an individual,<br><br>                    PLAINTIFF,<br><br>    v.<br><br>THOMSON REUTERS HOLDINGS INC., a Delaware corporation.<br><br>                    DEFENDANT. | Case No. 3:26-cv-00735-JR<br><br>**STIPULATED PROTECTIVE ORDER** |

        One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

        The parties agree that good cause exists to protect the confidential nature of the information contained in documents (which includes paper and electronic documents, as well as videos, photographs, and audio recordings), interrogatory responses, responses to requests for

Page 1 – STIPULATED PROTECTIVE ORDER

admission, or deposition testimony. This action concerns claims under state law for whistleblower retaliation.  Such claims give rise to potential damages which include economic damages and noneconomic damages for emotional suffering that will be shown by documents, records, and communications that will expose personal information of unnamed parties, as well as personal information of plaintiff and confidential business information of Defendant.  The parties anticipate the exchange of documents and information relating to: (a) Plaintiff's personal or sensitive information, including but not limited to financial and wage information; (b) proprietary or confidential business information of Defendant or others (including but not limited to Defendant's affiliated entities, employees, and/or customers); and (c) personal or sensitive information of non-parties to the action (including employees), including but not limited to complaints, investigations, personnel records, and confidential or non-public contact information.  The parties further agree that the use and dissemination of this confidential information should be limited, and that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and confidential information.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED the following requirements will apply to the use and disclosure of the Confidential Information as defined herein:

1.	All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" shall be used only in this proceeding.

2.	Use of any information or documents labeled "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources

Page 2 – STIPULATED PROTECTIVE ORDER

outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3.    The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential" if practical to do so.

4.    If portions of documents or other materials deemed "Confidential" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

Page 3 – STIPULATED PROTECTIVE ORDER

5.      Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6.      "Confidential" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7.      Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a.      Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

b.      In-house counsel for the parties, and the administrative staff for each in-house counsel.

c.      Any party to this action who is an individual, the spouse of any such individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

Page 4 – STIPULATED PROTECTIVE ORDER

d.      Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

e.      The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

f.      The authors and the original recipients of the documents.

g.      Any court reporter or videographer reporting a deposition.

h.      Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8.      Prior to being shown any documents produced by another party marked "Confidential" any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

9.      Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

10.     Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an

Page 5 – STIPULATED PROTECTIVE ORDER

appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure shall solely bear the burden of establishing good cause for why the document(s) identified by the party disputing the confidential status should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

11.     Documents designated CONFIDENTIAL or CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, or any information contained therein, shall not be submitted to any open generative artificial intelligence tool (e.g., ChatGPT) or any substantially similar tool that does not protect inputs from disclosure to third parties.  Providing such information to an open tool is considered disclosure to a third party. The obligations and restrictions of this paragraph apply even where the data, documents, or information have been anonymized.

12.     The inadvertent failure to designate a document, testimony, or other material as "Confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13.     Designation by either party of information or documents as "Confidential," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the

Page 6 – STIPULATED PROTECTIVE ORDER

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

information or documents in dispute, or a motion for sanctions, or a motion relating to an award of reasonable attorney fees, the fact that the other party designated or failed to designate information or documents as "Confidential."

14.    Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

15.    This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

16.    Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

17.    Nothing in this Protective Order shall act to prevent or prejudice any party from identifying or introducing any exhibits or testimony at trial for this matter that any other party has designated as "Confidential." The parties agree to meet and confer in good faith prior to trial to establish procedures for the use of Confidential Information at trial.

18.    The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

Page 7 – STIPULATED PROTECTIVE ORDER

**IT IS SO STIPULATED:**

DAVIS WRIGHT TREMAINE LLP

Dated:  July 23, 2026                *s/ Olivia Munson*
                                         Sarah Ames Benedict OSB #132675
                                         sarahbenedict@dwt.com
                                         Matthew Jedreski, *pro hac vice*
                                         mjedreski@dwt.com
                                         Olivia Munson, OSB # 241038
                                         oliviamunson@dwt.com
                                         Telephone: (503) 241-2300

                                         Attorneys for Defendant

ALBIES & STARK LLC

Dated:  July 23, 2026                *s/ Maria Witt*
                                         Maria Witt, OSB #145573
                                         maria@albiesstark.com
                                         Telephone: (503) 654-7006

                                         Steven A. Toff, *pro hac vice*
                                         Bread and Roses Law Group
                                         steven@breadandroseslaw.com
                                         Telephone: (206) 705-3006

                                         Attorneys for Plaintiff

Submitted by:
Sarah Ames Benedict, OSB #132675
Matt Jedreski, *pro hac vice*
Olivia Munson, OSB #241038
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant

Page 8 – STIPULATED PROTECTIVE ORDER

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

_____

Page 9 – STIPULATED PROTECTIVE ORDER

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

## EXHIBIT A

I,_____ , have been advised by counsel of record for _____in

_____ of the protective order governing the delivery,

publication, and disclosure of confidential documents and information produced in this litigation.

I have read a copy of the protective order and agree to abide by its terms.

_____
Signed

_____
Printed

_____
Name Date

Page 10 – STIPULATED PROTECTIVE ORDER

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax